Vahe Khojayan (SBN 261996)
KG LAW
1010 N. Central Ave., Suite 450
Glendale, CA  91202
Tel: (818) 245-1340
Fax: (818) 245-1341
vahe@lawyer.com

Attorneys for debtor
ANAHIT HARUTYUNYAN

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**ANAHIT HARUTYUNYAN**<br><br>Debtor-in possession | Case Number: 2:20-bk-15381-SK<br><br>Chapter 13<br><br>**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Date: September 10, 2020<br>Time: 10:00AM<br>Place: Courtroom 1575, 255 E. Temple Street, Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE, CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST**:

Debtor ANAHIT HARUTYUNYAN, hereby replies to the objections to Confirmation of Chapter 13 Plan filed by the Chapter 13 Trustee, Secured Creditor Fifth Third Bank, N.A. and creditor Grachuy Arutyunyan, Trustee of Arutyunyan Living Trust.

**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

1. **Response to the Objection of Chapter 13 Trustee.**

On September 2, 2020, Debtor provided the Chapter 13 Trustee the documents that the Chapter 13 Trustee had not received at the time of filing of her objection. Namely, Debtor submitted his non-filing spouse's 2019 tax returns, Trustee's business report, projections of average income and expenses for the 12 months after filing of the case, actual income and expenses with bank statements. Debtor has also provided the Chapter 13 Trustee a declaration clarifying the rental income received in her 2019 tax returns.

Additionally, debtor filed Lien Avoidance Motions that are set to be heard on October 8, 2020 [Docket Nos. 28, 29]. The motions seek to value Debtor's property at $410,000. Due to the complex nature of the valuation methods used and the presence of structural defects, Debtor believes that issues related to property valuation and lien avoidance are better resolved through a motion and after affording secured creditors an opportunity to fully brief the issue.

Once the lien avoidance motions are heard and decided, the Trustee's concerns related to valuation of the property will be alleviated. Thereafter Debtor will amend the Plan to address issues 1 and 2 raised by the Chapter 13 Trustee in her objection.

2. **Response to the Objection of Fifth Third Bank, N.A**.

Fifth Third Bank, N.A. is the holder of the first deed of trust against Debtor's primary residence located at 10366 Ormond Street, Sunland, CA 91040 ("Property"). Fifth Third Bank's objection is based solely on the fact that the arrears on Debtor's first mortgage are higher than the amount scheduled by the Debtor. Debtor does not dispute the amount presented by Fifth Third Bank, N.A. and agrees that the Plan needs to be amended to provide for full payment of arrears on the creditor's claim. The amended Plan will propose to pay $1,161.51 toward the arrears of the secured creditor and have a total payment amount of $1,340.00 per month. The $240.00 increase in Plan payment will be feasible after slight reduction in Debtor's living expenses.

//
//

**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

**3. <u>Response to the Objection of Grachuy Arutyunyan as Trustee of the Arutyunyan Living Trust</u>**

The objection filed by Grachuy Arutyunyan, Trustee of the Arutyunyan Living Trust's ("ALT") objection is solely based on Debtor's valuation of the Property in the Plan. Debtor has already filed a motion to value the Property and avoid the lien of ALT as Docket No. 28. That motion that is supported by declarations and reports of expert witnesses, is set to be heard on October 8, 2020.

However, while objecting to the Debtor's valuation of the property in the plan (which incidentally is higher than that offered by expert witnesses after full inspection), the creditor offers no admissible evidence to support her own guess that the property is worth "above $900,000." Creditor's entire declaration is inadmissible and is compised of improper opion testimony and hearsay. Creditor relies on the following pieces of information to support her contention: (1) two unauthenticated sales comparables reports (Exhibits B, F and H), (2) an unauthenticated report from Zillow.com showing sales of neighboring properties (Exhibit D), and (3) an unauthenticated sales listing report (Exhibit E), and an unauthenticated letter from the third lienholder on the Property Masis Karapetyan (Exhibit G). None of the evidence presented by the creditor is admissible evidence. None of the documents are authenticated or supported by declarations. Debtor has filed a separate objection to the evidence submitted by the objecting creditor.

Further, ALT baselessly accuses Debtor of "pre-petition misconduct" to argue that the Plan is proposed in bad faith. Other than claiming there was "misconduct" creditor fails to provide any evidence for that so called "misconduct." Therefore, creditor fails to present any evidence that the Plan is filed in bad faith.

Finally, Grachuy Arutyunyan's lay opinion concerning the valuation of the property is entirely baseless. Creditor has no personal knowledge about the condition of the property and has not claimed that she ever visited or even seen the property. Additionally, creditor is not an expert and has no specialized knowledge concerning property valuations. Seemingly, her opinion about the valuation of the property is based on internet searches and information

supposedly provided to her by third parties. Therefore, the court should completely disregard creditor's opinion and assertions concerning the value of the property.

Conversely, since the filing of the petition, Debtor has been able to obtain expert opinions and appraisals concerning the condition, structural soundness and valuation of the property. That evidence is presented and attached to the Debtor's Motion to avoid the lien of Grachuy Arutyunyan Trustee of the Arutyunyan Living Trust [Docket No. 28]. That motion is currently set to be heard on October 8, 2020. The appraisal values Debtor's property at $410,000.00 and takes into account over $250,000 worth of foundational work that needs to be completed for the property to be structurally sound.

4. **Debtor Requests that the Confirmation Hearing be Continued Until After the Lien Avoidance Motions are Heard**.

Debtor expects that creditor ALT and third lienholder Masis Karapetyan will contest her lien avoidance motions. Therefore, Debtor requests that the Court continue the hearing on Plan confirmation until after the lien avoidance motions are heard and decided. Debtor believes that it is more efficient to amend the Plan after the hearing on lien avoidance motions is concluded to avoid duplication and unnecessary placeholder plans.

Dated: 09/02/2020          By: _____

Vahe Khojayan
Counsel for Debtor in Possession

**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

DECLARATION FO VAHE KHOJAYAN

I, Vahe Khojayan, declare:

I am a person over the age of eighteen and Debtor's counsel in the case of in re Anahit Harutyunyan, Case No. 2:20-bk-15381-SK. I have personal knowledge of the facts stated below and if called as a witness could and would competently testify to the accuracy of these facts.

1. On September 2, 2020 on behalf of the debtor, I submitted the following document to the Chapter 13 Trustee through the TRU upload system: Debtor's non-filing spouse's 2019 tax returns, Trustee's business report, projections of average income and expenses for the 12 months after filing of the case, actual income and expenses with bank statements, and a declaration clarifying the rental income received by Debtor in her 2019 tax returns.

2. Additionally, debtor filed a Lien Avoidance Motions that are set to be heard on October 8, 2020 [Docket Nos. 28, 29]. The motions seek to value Debtor's property at $410,000. Due to the complex nature of the valuation methods used and the presence of structural defects, I believe that issues related to property valuation and lien avoidance are better resolved through a motion and after affording secured creditors an opportunity to fully brief the issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 09/02/2020                                            By:_____/s/ Vahe Khojayan_____
                                                                       Vahe Khojayan

**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1010 N. Central Ave, Ste 450**
**Glendale, CA 91202**

A true and correct copy of the foregoing document described as __Reply__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __09/02/2020__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Joseph C Delmotte on behalf of Creditor Fifth Third Bank, National Association**
**ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com**
**Joseph C Delmotte on behalf of Interested Party Courtesy NEF**
**ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com**
**Kathy A Dockery (TR)**
**EFiling@LATrustee.com**
**Sevan Gorginian on behalf of Creditor Grachuy Arutyunyan**
**sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com**
**Vahe Khojayan on behalf of Debtor Anahit Harutyunyan**
**vahe@kglawapc.com**
**United States Trustee (LA)**
**ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __09/02/2020__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **09/02/2020** | **Menua Yesayan** | **/s/ Menua Yesayan** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

| | |
|---|---|
| Bank of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa, FL 33634<br><br>Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850<br><br>Masis Karapetyan, Naira Khachatryan<br>1006 E. Angeleno Ave.,<br>Burbank, CA 91501<br><br>Nordstrom FSB<br>Attn: Bankruptcy<br>Po Box 6555<br>Englewood, CO 80155<br><br>Resurgent Capital Services<br>Attn: Bankruptcy<br>Pob 10497<br>Greenville, SC 29603<br><br>Volkswagen Credit, Inc<br>Attn: VW Credit Inc.<br>Po Box 9013<br>Addison TX 75001<br><br>LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487<br><br>Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2238 |

**DEBTOR'S REPLY TO THE OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**