Sevan Gorginian (SBN 298986)
**Law Office of Sevan Gorginian**
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
Tel: 818.928.4445 Fax: 818.928.4450
Email: sevan@gorginianlaw.com

*Attorney for Secured Creditor*
Grachuy Arutyunyan

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**ANAHIT HARUTYUNYAN**,<br><br>Debtor. | Case No. 2:20-bk-15381-SK<br><br>Chapter 13<br><br>NOTICE OF MOTION AND MOTION OF FOR ORDER AUTHORIZING EXAMINATIONS OF THIRD-PARTY APPRAISER AREN KALUSTIAN OR PERSON WITH MOST KNOWLEDGE (OVANES JOHN GYURJIAN) AT GOLDEN STATE APPRAISAL MANAGEMENT INC. AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DECLARATION OF SEVAN GORGINIAN IN SUPPORT THEREOF<br><br>No Hearing Required Pursuant to Rule 2004 and LBR 2004-1<br><br>**Stipulated 2004 Examination Date & Time**<br>Date:     October 8, 2020<br>Time:     1:00 p.m. to 3:00 p.m.<br>Location: Law Office of Sevan Gorginian<br>              450 N. Brand Blvd., Suite 600<br>              Glendale, California 91203<br><br>**Deadline to Produce Documents**<br>Date:     October 8, 2020<br>Location: Law Office of Sevan Gorginian<br>              450 N. Brand Blvd., Suite 600<br>              Glendale, California 91203 |

1

**TO THE HONORABLE SANDRA R. KLEIN, U.S. BANKRUPTCY JUDGE; CHAPTER 13 TRUSTEE KATHY DOCKERY; THIRD-PARTY EXAMINEE AREN KALUSTIAN OR PERSON WITH MOST KNOWLEDGE AT GOLDEN STATE APPRAISAL MANAGEMENT, INC. AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that secured creditor Grachuy Arutunyan ("Movant"), hereby respectfully requests the Court to enter an order directing a Rule 2004 Examination of and compelling the Production of Documents (the "Motion") identified in **Exhibit A** of Aren Kalustian ("Kalustian") or Person With Most Knowledge (proposed examinee Ovanes John Gyurjian) at Golden State Appraisal Management, Inc. appraisal company ("Golden State", with Kalustian referred as the "Appraiser")  to be delivered to the Law Office of Sevan Gorginian located at 450 North Brand Blvd., Suite 600, Glendale, California 91203 by October 8, 2020.  A subpoena duces tecum will be served also.

The Appraiser is in possession of a recent appraisal reports ordered by debtor Anahit Harutyunyan ("Debtor") that is neither privileged nor confidential.  This appraisal report is believed to contain valuation of the property located at 10366 Ormond Street, Sunland, CA 91040 (the "Property") which will show the value is significantly higher than she alleges in her pleadings and schedules.  This appraisal report will be used to support Movant's position that the value of the property exceeds those of the senior liens. The Debtor filed several motions to avoid judicial liens and this appraisal report in possession of the Appraiser, ordered by and procured by the Debtor herself, will demonstrate the value of the Property.  Furthermore, this will also provide support for creditors to object to Debtor's discharge by way of an adversary should it demonstrate that the Debtor knew the valuation, per the appraisal report that she procured herself, showed a higher valuation than that stated in her Schedules and motions to avoid liens.  As such, it is imperative that the Court grant the Motion and the Movant to procure this appraisal report.

The examinations cannot proceed under Rule 7030 and 9014 because no adversary proceeding or contested matter is currently pending through which the information sought can be

2

obtained, and the Movant has attempted, without success to obtain the requested documents identified in Exhibit A from the Appraiser on a consensual basis. Nothing in this Motion or Order shall impair the right of the Movants to seek additional production or examination in the future. The time and place of the examination and production of documents requested by this Motion, which may be adjourned from time to time and shall continue from day to day until the Movants are complete with their examination of the Appraiser.

Pursuant to LBR 2004-1(a), counsel for Movant did attempt to confer by telephone with the Appraiser to arrange for a mutually agreeable date, time and place and scope of examination. However, no response was received.

Pursuant to LBR 2004-1(c), notice is provided not less than 21 days of the examination calculated from date of service of this motion.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Sevan Gorginian, the exhibit attached hereto and the proposed order lodged concurrently herewith. As such, the Movant respectfully requests that the Court grant the Motion and order the Appraiser to turnover the appraisal report and all docuemnts identified in Exhibit A.

Thursday, September 17, 2020        Law Office of Sevan Gorginian

_/s/ Sevan_
Sevan Gorginian, Esq.
Attorney for Secured Creditor Grachuy Arutyunyan

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BRIEF STATEMENT OF FACTS

Debtor filed for Chapter 13 bankruptcy on June 15, 2020. Debtor resides at 10366 Ormond Avenue, Sunland, CA 91040 (the "Property"). Debtor filed her Chapter 13 plan on June 25, 2020 proposing to strip the liens of junior judgment lien creditors, including the secured judgment lien of Movant (2nd lienholder) and Masis Karapetyan (3rd lienholder) [Dkt. # 13]. The Movant, first lienholder Fifth Third Bank, N.A., and the Chapter 13 Trustee filed objections to the proposed Chapter 13 plan [Dkt. Nos. 20, 21 and 23, respectively]. Plan confirmation has been continued to November 5, 2020 at 10:00 a.m. Thereafter, the Debtor filed her *Motion to Avoid Junior Lien of Grachuy Arutyunyan* and *Masis Karapetyan and Naira Khachatryan* [Dkt. Nos. 28-29] (the "Lien Avoidance Motions"). The Lien Avoidance Motions are set for hearing on October 8, 2020.

In support of Movant's opposition to the Debtor's Lien Avoidance Motions, the Movant ordered her own appraisal report and property inspection which was concluded on September 15, 2020. In further support of Movant's opposition, it is believed that the Debtor had procured an appraisal report from Aren Kalustian ("Kalustian") or someone at Golden State Appraisal Management, Inc., an appraisal company prepetition. It is imperative that the Movant get a copy of this appraisal report in possession of Kalustian or Golden State AMC.

It is believed that this appraisal report contains a valuation figure that supports the Movant's position that the value of the Property is significantly higher than that alleged by the Debtor in her bankruptcy schedules and the Lien Avoidance Motions. Thus, the Movant hereby seeks to procure a copy of that appraisal report via an order granting this Motion and a subpoena on appraiser Kalustian and the Person With Most Knowledge at Golden State Appraisal Management, Inc., which is presumably its owner and president Mr. John Gyurjian.

## II.

## LEGAL STANDARD

The standards regarding Rule 2004 document productions are well established which states "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Additionally, the court may compel the production of documents. Fed. R. Bankr. P. 2004(c). The examination of an entity under this rule or of the debtors, under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtors." Fed. R. Bankr. P. 2004(b). "The broad scope of questioning that applies at a meeting of creditors also applies at a Rule 2004 examination. Any question is allowable if (1) it relates to the acts, conduct, property, liabilities, or financial condition of the debtors, or (2) it relates to any matter that may affect the administration of the bankruptcy estate or the debtor's right to a discharge." In re Russell, 392 B.R. 315, 359 (Bankr. E.D. Tenn. 2008).

The purpose of the Rule 2004 examination is "to allow inquiry in the debtors' acts, conduct or financial affairs so as to discover the existence or location of assets of the estate." *In re Dinbilo*, 177 B.R. 932, 940 (E.D. Cal. 1993); see also *In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Rule 2004 examination is "discovering assets and unearthing frauds")(internal quotes omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and] examination is not limited to the debtors or his agents, but may properly extend to creditors and third parties who have had dealings with the debtors."); *In Re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate."); *In Re Dinubilo*, 177 B.R. 932, 939 (Bankr. E.D. Cal. 1993) ("The range of discoverable subject matter in a Rule 2004 examination is 'unfettered and broad'.").

Pursuant to LBR 2004-1, notice is sufficient and efforts were made to meet and confer on a date suitable for all parties as stated in the declaration attached.

## III.

## CAUSE EXISTS TO GRANT THE MOTION

Cause exists to grant the Motion and order the Appraiser to turnover to the Movant a copy of all appraisal reports procured on the Property because it will allow the Court to properly adjudicate the value of the Property. It is imperative for the Movant to get a copy of this appraisal report procured prepetition by the Debtor herself.

There exists two Lien Avoidance Motions set for hearing and the Movant and third lienholder, Mr. Karapetyan, have a right to review the appraisal report procured by the Debtor herself in which it will likely show the value of the Property to be significantly higher than that alleged in her Schedules and Lien Avoidance Motions. These appraisal reports are not protected by attorney-client privilege nor are they confidential information. The third-party Appraiser is not a party to this action nor are they employed by Debtor's counsel. Lastly, these appraisal reports will help support a cause of action to either convert the case to Chapter 7 or deny the Debtor's discharge for making materially false oaths on her schedules.

As such, cause exists to grant the Motion and order the Appraiser to appear at the Law Office of Sevan Gorginian on the date and time indicated above and turnover the documents requested in **Exhibit A**. Pursuant to LBR 2004-1, counsel for Movant attempted to engage in a telephonic meet and confer to arrange a date and time suitable for the Appraiser but no response was received. Mr. Kalustian informed Movant's counsel on a prior phone call that he would turnover the appraisal report but only through a subpoena. As such, the Motion should be granted.

## IV.

## CONCLUSION

Movants respectfully request this Court enter an order granting this Motion and ordering Mr. Kalustian or the person with most knowledge (Mr. Ovanes John Gyurjian or another individual) to be examined under oath and produce the documents stated in **Exhibit A.**

Thursday, September 17, 2020          /s/ Sevan Gorginian
                                       Sevan Gorginian, Esq.

6

## DECLARATION OF SEVAN GORGINIAN

I, Sevan Gorginian, declare that:

1. I am counsel to secured creditor Grachuy Arutyunyan, a secured creditor in Debtor's pending bankruptcy case. I am a California licensed attorney and my office is located at 450 North Brand Boulevard, Suite 600, Glendale, CA 91203. The forgoing facts are within my personal knowledge or knowledge obtained in the course of my employment by the Movants, and if called as a witness, I am competent to testify thereto. I am over the age of 18 and a bankruptcy attorney where I practice primarily in the Central District of California.

2. This declaration is offered in support of Movant's Motion for an order to examine appraiser Aren Kalustian or the person with most knowledge at Golden State AMC appraisal company, whom I believe to be John Gyurjian, and produce documents pursuant to Rule 2004 and LBR 2004-1. Attached as **Exhibit A** is a list of documents my office requests as part of the Rule 2004 examination.

3. In early September 2020, I became aware that the Debtor had procured an appraisal report on her Property by Mr. Kalustian and Golden State AMC.

4. I found out that this prepetition appraisal report procured by the Debtor herself contains valuation that supports my client's position that the Property is worth more than the Debtor alleged in her Schedules and Lien Avoidance Motions. This is important to procure to support my client's opposition the Lien Avoidance Motions.

5. Mr. Kalustian told me on a phone call that he would turnover the appraisal report but only with a subpoena and court order, which is understanable.

6. I made a phone call to Mr. Kalustian on September 17, 2020 and left another message. I also texted him. I then called the offices of Golden State AMC, Inc. I have not heard back from either party to arrange for a time and date but nonetheless I made a good faith effort in order to comply with LBR 2014-1.

Case 2:20-bk-15381-SK    Doc 39    Filed 09/17/20    Entered 09/17/20 14:25:58    Desc
Main Document    Page 8 of 9

7. My client procured her own appraisal report and inspection report on September 15, 2020 which will be submitted in support of her opposition to the Debtor's Lien Avoidance Motions. However, it is imperative that we procure this appraisal report from Mr. Kalustian to demonstrate to the Chapter 13 Trustee and the Court that the Debtor knew her Property was worth more than that she alleged in her schedules and Lien Avoidance Motions.  If further cause exists, I will advise my client to object to Debtor's discharge for making intentional false oaths on her schedules in order to deceive the Chapter 13 trustee and creditors.

8. Upon entry of an order granting the Motion, I will serve it on the appraiser with a subpoena pursuant to LBR 2004-1(e).

I attest that this declaration and testimony above is truthful under penalty of perjury under the laws of the State of California.  Executed September 17, 2020 in Glendale, CA.

Sevan Gorginian

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**

The parties appearing at the examination is required wherever applicable, as set forth below, to produce either the original or legible copy of the requested documents.

1. **All** appraisal reports or opinions of valuation or documents supporting valuation and condition of the property at 10366 Ormond Street, Sunland, CA 91040 from January 1, 2018 to September 16, 2020., including exhibits and images procured on the property.
2. **All** email communications between anyone at Golden State AMC and Anahit Harutyunyan or her husband with respect to the Property on Ormond Street identified above.
3. **All** email communications between any party, including employees or agents at Golden State pertaining to the property located at 10366 Ormond Street, Sunland, CA 91040.
4. **All** invoices and receipts of funds relating to any and all appraisal reports or opinions of valuation procured with respect to 10366 Ormond Street, Sunland, CA 91040 and or Anahit Hartunyan or her husband.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **450 North Brand Boulevard, Suite 600, Glendale, CA 91203.** A true and correct copy of the foregoing document NOTICE OF MOTION AND MOTION OF FOR ORDER AUTHORIZING THE EXAMINATIONS OF THIRD-PARTY APPRAISER AREN KALUSTIAN OR PERSON WITH MOST KNOWLEDGE AT GOLDEN STATE AMC AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/17/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Joseph C Delmotte on behalf of Creditor Fifth Third Bank, National Association
    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
    Kathy A Dockery (TR)EFiling@LATrustee.com
    Sevan Gorginian on behalf of Creditor Grachuy Arutyunyan
    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
    Vahe Khojayan on behalf of Debtor Anahit Harutyunyan vahe@kglawapc.com
    United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL:** On **9/17/2020** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**[Judge's Copy Suspended Due to General Order Re: Covid-19]**

| | |
|---|---|
| **Debtor**<br>Anahit Harutyunyan<br>10366 Ormond Avenue<br>Sunland, CA 91040 | Golden State Appraisal Management, Inc.<br>Attn: Ovaness John Gyurjian or Officer or General Agent<br>1436 Glenoaks Blvd. # 116<br>Glendale, CA 91201 |
| | Aren Kalustian<br>Golden State Appraisal Management, Inc.<br>1436 Glenoaks Blvd # 116<br>Glendale, CA 91201 |

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **9/17/2020** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

    **Examinee Aren Kalustian at aren@gsamc.net**
    **Examinee John Gyurjian (owner and president of Golden State AMC) at john@gsamc.net**

| | | |
|---|---|---|
| 9/17/2020 | Sevan Gorginian | /s/ Sevan Gorginian |
| *Date* | *Type Name* | *Signature* |