Vahe Khojayan (SBN 261996)
KG LAW
1010 N. Central Ave., Suite 450
Glendale, CA  91202
Tel: (818) 245-1340
Fax: (818) 245-1341
vahe@lawyer.com

Attorneys for debtor
ANAHIT HARUTYUNYAN

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**ANAHIT HARUTYUNYAN**<br><br>Debtor-in possession | Case Number: 2:20-bk-15381-SK<br><br>Chapter 13<br><br>**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**<br><br>Date: October 8, 2020<br>Time: 8:30AM<br>Place: Courtroom 1575, 255 E. Temple Street, Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE, CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST**:

Debtor ANAHIT HARUTYUNYAN, hereby replies to "Creditor Grachuy Arutyunyan's Opposition to Motion to Avoid Junior Lien on Principal Residence." Debtor believes and alleges, that the junior lienholder is Grachuy Arutyunyan, Trustee of the Arutyunyan Living Trust ("ALT"), even though the opposition is filed by Grachuy Arutyunyan seemingly in her personal capacity.

1

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

## 1. INTRODUCTION

Debtor filed her lien avoidance motion seeking to value her property located at 10366 Ormond Street, Sunland, CA 91040 ("Property") on August 28, 2020. [Docket No. 28]. The motions, is properly supported by a declaration of a certified appraiser and a declaration of a representative of a structural engineering and general contracting company. The motions, supported by competent evidence, seeks to value the Property at $410,000. Due to the complex nature of the valuation methods used and the presence of structural defects, it is impossible to obtain valuation of the Property by simply looking at the comparable sales. For that reason, debtor's motion is based on sophisticated and comprehensive analysis of the Property condition by a structural engineer and a general contractor, as well as an appraisal report by an expert certified appraiser.

In contrast, Grachuy Arutyunayan, as trustee of the Arutyunyan Living Trust ("ALT") failed to present any admissible evidence of the Property valuation. Even though ALT arranged appraisal of the property that was conducted on September 15, 2020, she failed to produce an appraisal report or any competent evidence of Property valuation as of the petition date. Additionally, the inspection report produced by ALT and attached to her opposition as Exhibit H is cursory and incomplete. It does not address the structural issues on the property, and is unverified. The only competent piece of evidence that may suggest valuation of the Property is missing from ALT's Opposition papers.

## 2. ARGUMENT

### a. ALT's Opposition Is Not Supported By Any Admissible Evidence Of Property Value.

The Opposition filed by ALT is not supported by any admissible or competent evidence of Property value. Despite having over three weeks to obtain an appraisal, and having actually sent an appraiser to the Property on September 15, 2020, ALT does not present any evidence of any appraisal conducted. Thus, ALT has not established what the Property is worth in her

2

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

opposition. ALT claims, that the property is worth at least $750,000 (and at times over $900,000) but fails to attached any admissible or competent evidence to back up that claim. The exhibits attached to ALT's opposition do not clarify this issue. In fact, none of the evidence concerning the property valuation submitted by ALT is even admissible evidence. Concurrently with this reply, Debtor submits her objection to the evidence submitted by ALT. First, ALT relies on pictures printed from Zillow.com and an aerial map (Exhibits A and C attached to the Opposition) to claim that "this is not a $410,000 property." It is unclear how any of the images are admissible evidence of the Property value as of the petition date, and what qualifies the declarant Ms. Arutyunyan to value the property based on images from Zillow.com. Second, ALT relies on two comparable sales reports that are attached as Exhibit B and Exhibit F to her opposition. These exhibits contain a list of several properties in Shadow Hills/Sunland Area and the sale prices of these properties. The origins of the lists are unknown. The documents themselves are hearsay and are inadmissible. It is unclear if the lists were compiled by Ms. Arutyunyan or an expert. It is also unclear how these exhibits calculated the price of the Property. Certainly, there is no declaration authenticating or explaining the methodology used. Most importantly, the valuation analysis provided does not seem to take into account the condition of the Property or adjust for the structural defects associated with the Property.

Further, ALT relies on a list showing prior listing prices of the Property which is attached as Exhibit D and mischaracterized as "copy of listing agreements." Again, Exhibit D attached to the Opposition is on unknown origin, contains no listing agreements, is not verified and contains no evidence whatsoever concerning the value of the Property as of the petition date of July 15, 2020. Another exhibit attached to the Opposition is a statistical summary prepared Ashot Harutyunyan (Exhibit E to the opposition). Again, the exhibit is not authenticated by Mr. Ashot Harutyunyan's declaration and is hearsay. Also, while that summary lists houses sold in the vicinity of subject Property, it contains no information about the Debtor's Property, contains no facts about the condition of the Property and makes no adjustments for size and structural defects

of the Property.  In sum, it does not contain any claims concerning what Debtor's Property is worth as of the petition date.

Viewed in aggregate, the Exhibits A, B, C, D, E, and F provide no information whatsoever concerning the value of the Property.  These documents are hearsay, and provide no information concerning the value of the Property.  Therefore, they should be disregarded by the Court.

      b. **The "Purchase Offer" Submitted By Junior Lienholder Masis Karapetyan Is Sham and Completely Unrealistic**.

Further, ALT argues that since third lienholder Masis Karapetyan ("Junior Lienholder") made an offer to purchase the Property for $782,000, the property must be worth $750,000.  The logic of this argument is incomprehensible.  The argument is also the same one used by tJunior LIenholders to argue that the property is worth "more than $600,000." To support this position, ALT attached Exhibit G to her opposition which contains an "offer" to purchase the Property for $782,000 (an exact amount that would make both junior liens fully secured).  It is abundantly evident that this offer is not a serious offer and is solely made in the context of lien avoidance litigation, in an attempt to oppose Debtor's motion.

First, this "offer" is irrelevant to determine the value of the property as of the bankruptcy petition date of July 15, 2020.  <u>In re Gutierrez</u>, 503 B.R. 458, 463 (Bankr. C.D. Cal. 2013) (both property valuation and the determination of the senior lien amount apparently should be determined as of the petition date).  An "offer" made by an interested party, a week after the lien avoidance motions were filed and about two months after the petition date has no relevance on the valuation of the Property as of the petition date.  Further, the "offer" is a desperate attempt by Junior LIenholder to muddy the waters and derail Debtor's Chapter 13 case.  It is no surprise that Junior Lienholder did not submit a single offer to purchase the Property prior to the petition filing, or at any time after the lien avoidance motions were filed.

The strangest part about the "offers" is that all of the offers by Junior Lienholders were submitted through ALT's counsel. And even the Junior Lienholders do not believe the "offers"

4

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

are legitimate. Initially, on September 3, 2020, a week after the Lien Avoidance Motions were filed, Debtor's counsel received an email from second deed of trust holder Grachuy Arutyunyan's attorney (who did not represent Masis Karapetyan), claiming that Ms. Arutyunyan knows of an investor who is willing to purchase the Property. Attached hereto as Exhibit K is a true and correct copy of that email. A few days later, second deed of trust holder's counsel sent an offer to purchase the Property signed by Junior Lienholder Masis Karapetyan offering to purchase the property for $700,000 in all-cash. *Thirty-seven minutes* after the email containing the "offer" was sent, Debtor's counsel received another email stating that Masis Karaptyan would like to appraise the Property and appraisal is a condition of the all-cash offer. Attached hereto as Exhibit K is a true and correct copy of the emails and the proposal. Mr. Karapetyan never reached out to request an appraisal.

      Instead, two days after, Mr. Karapetyan sent another "offer" to purchase the Property for $782,000. That offer, that is attached as Exhibit G to ALT's opposition. Unlike the initial all-cash proposal, the new "offer" contains appraisal contingency, loan contingency and inspection contingency among other things. By all rational standards the Property will not pass the appraisal contingency, or the inspection contingency, since it failed inspection twice before due to the structural defects. Similarly, the conventional financing that the "offer" proposes will not materialize due to the structural defects present on the Property. Junior Lienholders knew all of this, from the fact that the Property fell out of escrow twice due to the structural problems, to the nature and extent of the structural problems. These issues were briefed and described in the original moving papers by the Debtor. Therefore, the "offer" that Junior Lienholders submitted cannot be taken seriously because it has no chance of succeeding or going through.

      Moreover, the amount of the "offer" is suspicious as well. Debtor believes that, after submitting the initial offer, Mr. Karapetyan realized that it was not realistic for him to purchase the property for $700,000 all in cash. First, to do that he would have to waive off his own deed of trust and convince the second deed of trust holder to waive her lien. Second, he probably realized that it was not prudent to submit an all cash offer without having an appraisal and thirty-

5

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

seven minutes after submitting the initial offer made the offer conditional on obtaining an appraisal. Mr. Karapetyan's further actions are even more puzzling. Instead of obtaining an appraisal, he submitted another offer increasing the price to $782,000 two days later. The current combined amount of all liens on the property is $781,842.00.   As described above, the offer, again has absolutely no chance of going through.  First, after accounting for costs of sale and escrow fees, Mr. Karapetyan would need to reduce or completely waive his lien for the property to sell for that price.  Second, the offer is contingent on appraisal and inspection, that would inevitably take into account the defects on the property and value the property at or around $410,000.  Third, the offer contains a loan contingency, which is unlikely to be satisfied given the structural defects on the property.

Therefore, the so called "offer" is not a serious offer and is made solely for purposes of this motion and has no realistic chance of even being consummated.

c. **Creditor Failed To Obtain An Appraisal And Proper Inspection Of The Property**.

On September 15, 2020 at 10:00AM, an appraiser commissioned by ALT visited the property and inspected the Property.  The appraisal was set up by prior agreement of ALT's and Debtor's counsel.   Debtor's granted access to the appraisal and a person named Levon Halulyan to inspect the Property.  The appraiser conducted the inspection and left.  Mr. Halulyan, spent no more than 15 minutes on the Property and left.

On September 22, 2020, ALT's counsel contacted Debtor's counsel requesting that Debtor's allow another appraiser to visit the Property, since there was an "issue" between the appraiser and Ms. Arutyunyan and that it was "no big deal".   Debtor's counsel agreed and provided time for appraiser to visit again.  For some reason, the time provided did not work for the appraiser and the parties agreed that the appraise would contact Debtor's counsel to arrange an alternate time.  As of the time of filing of this document no appraiser has contacted Debtor's counsel to schedule an appraisal.   Bottom line is that ALT and its principals were provided

6

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

ample opportunity to conduct an appraisal, did in fact conduct an appraisal but for some reason failed to produce a competent appraisal report. To mask their failings, ALT makes unsubstantiated claims that Debtor somehow "got to the appraiser." Not only this is ridiculous, it also completely and utterly false. To make it absolutely crystal clear, neither the Debtor nor anyone that she knows spoke to the appraiser sent by ALT. If these allegations made by Grachuy Arutyunyan had any truth in them, the situation would not be characterized as "no big deal" by creditor's counsel.

Furthermore, ALT failed to produce a competent and admissible inspection report to present any admissible evidence of the condition of the Property. ALT attached a structural inspection report as exhibit H to its Opposition. Again, that report is unverified and not supported by a declaration of the person who prepared it. For that reason alone, the court should disregard the report.

It is unclear how the person writing the report is qualified to provide structural inspection reports or opinions on the value of the Property. Nothing on the record indicates that the person writing the report, Levon Halulyan is qualified as a structural engineer, property inspector or appraiser. Mr. Halulyan spent no more than 15 minutes on the property and unsurprisingly, his report is devoid of any details. The pricing for repairs provided in the report focuses solely on demolishing an illegally built structure and nothing more. It is unclear what type of inspection was conducted and it is unclear how the conclusions made in the report were reached. The report is unreliable on its face and patently biased since it provides no detailed property inspection facts, and offers appraisal value.

In sum, creditors, despite being given ample opportunity, failed to present any evidence of the value and condition of the property to the Court. No admissible evidence has been presented by ALT. For some reason, none of the creditor's experts wish to authenticate and state their findings under penalty of perjury. The only admissible evidence of the value of the Property is the one presented by Debtor and that indicates that the property is worth $410,000 as of the petition date.

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

      d. **Debtor's Property Valuation Is Provided By Experts**.

After Debtor filed this case, without knowing the full extent of the structural damage on her Property, she valued the property at $600,000. Thereafter, she commissioned Omega Structural, Inc., a structural engineering and general contracting firm to inspect the property, assess the extent of the structural defects and provide an estimate of the work to be performed to fix the defects. Debtor specifically chose Omega Structural, Inc., because as a licensed structural engineering company, it can competently and properly assess the structural defects on the Property. Additionally, as licensed general contracting company, Omega Structural, Inc. is able to determine what work needs to be done and how much that work would cost.

On the basis of the report prepared by Omega Structural, Inc., debtor's appraiser Michael Ford, a licensed appraiser and an expert in the field, was able to prepare an appraisal report valuing the property in light of the structural condition described by Omega Structural, Inc. and the price associated with remedying the defects. The original report made clear that the structural problems affecting the Property were far worse that Debtor expected. The valuation provided by Mr. Ford is thorough and is conducted after personally visiting and examining the Property, and is made effective the petition date.

As it stands, Mr. Ford's appraisal report is the only competent evidence of the Property value, and the Court should accept that valuation for purposes of lien avoidance motions and plan confirmation.

      e. **Debtors' Previous Unsuccessful Attempts To Sell The Property**.

Junior Lienholder's main argument is that Debtor's listed the property for sale at a higher price pre-petition and therefore, the Property must be worth more. Debtor's declaration attached to the motion did explain the previous unsuccessful listings. As indicated in that declaration, Debtor did list her property for sale for $899,000 in December of 2019. On March 15, 2020, Debtor received an offer from potential buyers to purchase the property for $880,000. Debtor counter offered changing some terms but accepting the purchase price of $880,000. Attached hereto as Exhibit I is a true and correct copy of that offer and counteroffer. The purchase offer

8

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

was contingent on inspection, appraisal and loan.  On or about March 20, 2020 the potential buyers received the inspection report on the property which outlined the structural defects associated with the property.  On the same day the potential buyers requested cancellation of the escrow and the agreement. See Debtor's Exhibit G attached to the Motion.  The cancellation mentions that the agreement was being cancelled pursuant to paragraph 14(b) of the agreement since contingencies have not been removed.

Afterwards, Debtor listed the property for sale again for $799,000.  Again, shortly thereafter, and to Debtor's surprise, she received multiple offers the highest being $900,000.  Debtor accepted the highest offer.  Attached hereto as Exhibit J is a true and correct copy of the purchase agreement.  Again, the potential buyers went through inspection and within a few days after the inspection, and after discovering the structural defects, requested cancellation of escrow and the sale.  Debtor agreed and the sale was cancelled on June 8, 2020. See Debtor's Exhibit H attached to the motion.

In sum, debtor did try to sell the Property for $900,000.  She even opened escrow twice to sell the Property pre-petition.  Both times, the sale fell through due to the structural defects on the property, because the property did not pass inspection and was not structurally sound.

### 3.   CONCLUSION

Based on the above arguments, the Court should find that the Property is valued at $410,000 as of the petition date of July 15, 2020.

Dated:  09/30/2020              By:  _____
                                     Vahe Khojayan
                                     Counsel for Debtor in Possession

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

## DECLARATION OF VAHE KHOJAYAN

I, Vahe Khojayan, declare:

I am a person over the age of eighteen and Debtor's counsel in the case of in re Anahit Harutyunyan, Case No. 2:20-bk-15381-SK. I have personal knowledge of the facts stated below and if called as a witness could and would competently testify to the accuracy of these facts.

1. On September 3, 2020, a week after the Lien Avoidance Motions were filed, I received an email from second deed of trust holder Grachuy Arutyunyan's attorney (who did not represent Masis Karapetyan), claiming that Ms. Arutyunyan knows of an investor who is willing to purchase the Property. Attached hereto as Exhibit K is a true and correct copy of that email.

2. A few days later, second deed of trust holder's counsel sent an offer to purchase the Property signed by Junior Lienholder Masis Karapetyan offering to purchase the property for $700,000 in all-cash. *Thirty-seven minutes* after the email containing the "offer" was sent, Debtor's counsel received another email stating that Masis Karaptyan would like to appraise the Property and appraisal is a condition of the all-cash offer. Attached hereto as Exhibit K is a true and correct copy of the emails and the proposal.

3. Mr. Karapetyan never reached out to me to request an appraisal. As of the time of filing this reply, I checked my office's call log and messages, and I have no messages from Mr. Karapetyan or anyone else requesting appraisak of the Property.

4. Two days after on September 10, 2020, Mr. Karapetyan sent another "offer" to purchase the Property for $782,000. That offer, that is attached as Exhibit E to Junior Lienholders' opposition.

5. On September 22, 2020, ALT's counsel contacted me requesting that Debtor's allow another appraiser to visit the Property, since there was an issue between the appraiser and Ms. Arutyunyan.

6. I agreed and provided time for appraiser to visit. For some reason, the time provided did not work for the appraiser and the parties agreed that the appraise would contact me to

10

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

arrange an alternate time.  As of the time of filing of this document no appraiser has contacted me to schedule an appraisal.   Attached hereto as Exhibit M are copies of emails between ALT's counsel and I discussing the second appraisal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 09/30/2020                                      By:_____/s/ Vahe Khojayan_____
                                                                        Vahe Khojayan

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

## DECLARATION OF ANAHIT HARUTYUNYAN

I, ANAHIT HARUTYUNYAN, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am a person over the age of eighteen and the debtor in this case.
2. I am the owner of the real property located at 10366 Ormond Street, Los Angeles, CA 91040 (hereinafter the "Real Property").
3. The Real property has significant structural defects that require remediation. These defects and their significance came to our attention when we first attempted to sell the Real Property.
4. Prior to filing of this case, we listed the Property for sale in December of 2019 for $899,000. We received an offer and accepted it.
5. Attached hereto as Exhibit I is a true and correct copy of that offer and our acceptance.
6. However, during the inspection period, the significant structural defects were discovered by the Seller and the sale was cancelled by mutual agreement in March 2020. Attached hereto as Exhibit G is a true and correct copy of that cancellation.
7. Subsequently, we relisted the Property for sale at a reduced price of $799,000 after the initial sale fell through. We received multiple offers, the highest being $900,000. We accepted. Attached hereto as Exhibit J is a true and correct copy of that offer and our acceptance.

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

8. Again, after the inspection was completed, the Buyer, having discovering and analyzed the structural defects, cancelled the sale. Attached hereto as Exhibit H is a true and correct copy of that cancellation.

9. On September 15, 2020, an appraiser and a property inspector visited the property to conduct appraisal and inspection. The appraiser finished his work and left. I have not discussed anything with the appraiser during or after his visit to the Property, other than showing him the Property and granting him access.

10. The property inspector spent no more than 15 minutes on the property and left. I have not communicated with him since then.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 09/30/2020 at Glendale, California.

_____
ANAHIT HARUTYUNYAN

13

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1010 N. Central Ave, Ste 450**
**Glendale, CA 91202**

A true and correct copy of the foregoing document described as  **Reply**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  **10/01/2020**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Joseph C Delmotte on behalf of Creditor Fifth Third Bank, National Association**
**ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com**
**Joseph C Delmotte on behalf of Interested Party Courtesy NEF**
**ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com**
**Kathy A Dockery (TR)**
**EFiling@LATrustee.com**
**Sevan Gorginian on behalf of Creditor Grachuy Arutyunyan**
**sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com**
**Vahe Khojayan on behalf of Debtor Anahit Harutyunyan**
**vahe@kglawapc.com**
**Lane M Nussbaum on behalf of Creditor Masis Karapetyan**
**lnussbaum@nussbaumapc.com, info@nussbaumapc.com**
**Lane M Nussbaum on behalf of Creditor Naira Karapetyan**
**lnussbaum@nussbaumapc.com, info@nussbaumapc.com**
**United States Trustee (LA)**
**ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicate method for each person or entity served):
On  **10/01/2020**  , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  ____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/01/2020 | **Menua Yesayan** | /s/ Menua Yesayan |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**

| | |
|---|---|
| **Fifth Third Bank, N.A.**<br>**38 Fountain Square Plaza**<br>**Cincinnati, OH 45263**<br>**Attn: Greg D. Carmichael, CEO** | Via certified mail. |
| **Fifth Third Bank, N.A.**<br>**c/o Corporation Service Company**<br>**2710 Gateway oaks Drive, Suite 150N**<br>**Sacramento, CA 95833** | Via US Mail |
| **Fifth Third Bank, N.A.**<br>**5001 Kingsley Drive, 1MOBBW**<br>**Cincinnati, OH 45772** | Via US Mail |

15

**DEBTOR'S REPLY TO "CREDITOR GRACHUY ARUTYUNYAN'S OPPOSITION TO MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE"**